# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

FREDERICK P. DAVIS,    )
           )
    Plaintiff,    )
           )
    v.      )   No. 4:11-CV-1906-JAR
           )
TERRY WEBB, et al.,    )
           )
    Defendant(s).   )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Frederick Davis (registration no. 500842), an inmate at the Potosi Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2].  For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $53.24.  See 28 U.S.C. § 1915(b)(1).  Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint relative to plaintiff's 42 U.S.C. § 1983 retaliation claims.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $266.21, and an average monthly balance of $45.78. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $53.24, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or

in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

### The Complaint

Plaintiff, an inmate at the Potosi Correctional Center, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985(3).  The named defendants are Terry Webb (Functional Unit Manager), Ian Wallace (Assistant Warden), and Timothy R. Lancaster (Institutional Investigator).

### A.  Claims under § 1983

Plaintiff alleges that he was placed in administrative segregation on November 23, 2010, in violation of proper prison procedures.  He further alleges that it was not until December 14, 2010, that he learned during an interview with defendant Lancaster that he, plaintiff, was being investigated for allegedly circulating a petition

against PCC correctional officer Brian Hall.  Plaintiff claims that while he was confined in ad seg, Lancaster "went through [plaintiff's] personal property and confiscated [his] Informal Resolution Request (IRR) grievance complaint . . . explaining the oppressive and unprofessional and racist actions, [a]s well as his racial profiling of African American prisoner[s] in housing unit five."  Lancaster also confiscated a letter, which plaintiff states he intended to send to "various officials explaining [Hall's] unprofessional and racist behavior."  Plaintiff claims that, on January 4, 2011, Lancaster issued him a major conduct violation for violating Rule 9.3 (Inciting Organized Disobedience) by "approaching offenders [and] circulating a petition . . . against COI Brian Hall and others."  Plaintiff complains that he was found guilty of the violation on January 13, 2011, although a petition was never found, and the documents that Lancaster did confiscate were legally permissible at PCC, and he knew it.  Plaintiff further alleges that defendant Wallace referred him to the "ad seg committee" for attempting "to misuse [the] IRR grievance system to remove/slander officer."  Plaintiff states that he was merely exercising his right to file a grievance based on what he considered to be legitimate complaints against a correctional officer.  Plaintiff alleges that defendant Webb "made no attempt to investigate the alleged evidence for himself," refused to allow plaintiff to call witnesses and obtain video surveillance tapes for his disciplinary hearing, found him guilty of the false conduct

4

violation, and sanctioned plaintiff to twenty days in disciplinary segregation. In addition, plaintiff states that he was placed in administrative segregation for six months, where his privileges were significantly restricted. Plaintiff states that "defendants very well knew that the only activity [he] was engaged in was encouraging other prisoners similarly situated and suffering the same abuses to exercise their right to engage the grievance system to have their complaints heard and addressed." He also states that because he was locked up, "everyone who had a complaint against officer Brian Hall . . . dropped them." Plaintiff asserts that defendants violated his First and Fourteenth Amendment rights by "retaliating against [him] for attempting to seek redress through the grievance system the D.O.C. provides."

The Court finds that plaintiff's allegations state actionable retaliation claims against defendants under § 1983. See Williams v. Silvey, 375 Fed.Appx. 648 (8th Cir. 2010)(plaintiff stated § 1983 retaliation claim in action claiming defendants initiated false disciplinary proceedings in retaliation for filing grievances and complaining to prison officials); Haynes v. Stephenson, 588 F.3d 1152, 1155-56 (8th Cir. 2009)(prisoner must show he exercised protected right and suffered discipline, and that exercise of protected right was motivation for discipline; filing disciplinary charge is actionable under § 1983 if done in retaliation for inmate filing grievance,

because retaliatory disciplinary charge strikes at heart of constitutional right to seek redress of grievances); Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007)(alleged retaliatory action must be such that it would chill person of ordinary firmness from engaging in protected activity); cf. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994)(threat of retaliation is sufficient injury if made in retaliation for inmate's use of prison grievance procedure).  The Court will, therefore, order defendants to reply to plaintiff's § 1983 retaliation claims.

**B.  Claims under § 1985(3)**

Title 42 U.S.C. § 1985(3) provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Thus, to state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination; and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) (plaintiff must allege these two elements to state § 1985(3) claim).  In the instant action, there is no indication that plaintiff is

6

a member of a protected class or that defendants were motivated by purposeful discrimination.  Moreover, "a conspiracy claim . . . requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010)(citations omitted). Plaintiff's factual allegations in the case at bar do not suggest such a "meeting of the minds" among the defendants.  For these reasons, plaintiff's 42 U.S.C. § 1985(3) claims will be dismissed under § 1915 (e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $53.24 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

7

**IT IS FURTHER ORDERED** that, as to plaintiff's 42 U.S.C. § 1983 retaliation claims, the Clerk shall issue process or cause process to issue upon the complaint as to all defendants.

**IT IS FURTHER ORDERED** that plaintiff's 42 U.S.C. § 1985(3) claims are **DISMISSED**, without prejudice, as legally frivolous and for failure to state a claim or cause of action.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's § 1983 retaliation claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

A separate Order of Partial Claim Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of February, 2012.


_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**