# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK P. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:11-CV-1906-JAR |
| TERRY WEBB, et al., | ) ) ) |
| Defendant(s). | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's first amended complaint [Doc. #16].  See 28 U.S.C. § 1915(e).  For the reasons stated below, the Court will order defendants to reply to the amended complaint, on or before April 16, 2012, relative to plaintiff's 42 U.S.C. § 1983 retaliation claims, and it will dismiss plaintiff's 42 U.S.C. § 1985(3) claims under 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The First Amended Complaint

Plaintiff, an inmate at the Potosi Correctional Center, has filed an amended complaint under 42 U.S.C. §§ 1983 and 1985(3). The named defendants are Terry Webb (Functional Unit Manager), Ian Wallace (Assistant Warden), and Timothy R. Lancaster (Institutional Investigator).

**A. Claims under § 1983**

Plaintiff alleges that he was placed in administrative segregation on November 23, 2010, in violation of proper prison procedures. He further alleges that it was not until December 14, 2010, that he learned during an interview with defendant Lancaster that he, plaintiff, was being investigated for allegedly circulating a petition against PCC correctional officer Brian Hall. Plaintiff claims that while he was

2

confined in ad seg, Lancaster "went through [plaintiff's] personal property and confiscated [his] Informal Resolution Request (IRR) grievance complaint . . . explaining the oppressive and unprofessional and racist actions of COI Brian Hall[,] [a]s well as his racial profiling of African American prisoners in housing unit five." Lancaster also confiscated a letter, which plaintiff states he intended to send to "various officials explaining [Hall's] unprofessional behavior." Plaintiff claims that, on January 4, 2011, Lancaster issued him a major conduct violation for violating Rule 9.3 (Inciting Organized Disobedience) by "approaching offenders [and] circulating a petition . . . against COI Brian Hall and others." Plaintiff complains that he was found guilty of the violation on January 13, 2011, although a petition was never found, and the documents that Lancaster did confiscate were legally permissible at PCC, and he knew it. Plaintiff further alleges that defendant Wallace referred him to the "ad seg committee" for attempting "to misuse [the] IRR grievance system to remove/slander officer." Plaintiff states that he was merely exercising his right to file a grievance based on what he considered to be legitimate complaints against a correctional officer. Plaintiff alleges that defendant Webb "made no attempt to investigate the alleged evidence for himself," refused to allow plaintiff to call witnesses and obtain video surveillance tapes for his disciplinary hearing, found him guilty of the false conduct violation, and sanctioned plaintiff to twenty days in disciplinary segregation. In

3

addition, plaintiff states that he was placed in administrative segregation for "over six months," where his privileges were significantly restricted. Plaintiff states that "defendants very well knew that the only activity [he] was engaged in was encouraging other prisoners similarly situated and suffering the same abuses to exercise their right to engage the grievance system to have their complaints heard and addressed." He also states that because he was locked up, "everyone who had a complaint against officer Brian Hall . . . dropped them, or just no longer [had] an issue with him." Plaintiff asserts that defendants violated his First and Fourteenth Amendment rights by "retaliating against [him] for attempting to seek redress through the grievance system provided by the D.O.C."

The Court finds that plaintiff's allegations state actionable retaliation claims against defendants under § 1983. See Williams v. Silvey, 375 Fed.Appx. 648 (8th Cir. 2010)(plaintiff stated § 1983 retaliation claim in action claiming defendants initiated false disciplinary proceedings in retaliation for filing grievances and complaining to prison officials); Haynes v. Stephenson, 588 F.3d 1152, 1155-56 (8th Cir. 2009)(prisoner must show he exercised protected right and suffered discipline, and that exercise of protected right was motivation for discipline; filing disciplinary charge is actionable under § 1983 if done in retaliation for inmate filing grievance, because retaliatory disciplinary charge strikes at heart of constitutional right to seek

4

redress of grievances); Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007)(alleged retaliatory action must be such that it would chill person of ordinary firmness from engaging in protected activity); cf. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994)(threat of retaliation is sufficient injury if made in retaliation for inmate's use of prison grievance procedure).  The Court will, therefore, order defendants to reply to plaintiff's § 1983 retaliation claims, as set forth in the first amended complaint [Doc. #16].

### B.  Claims under § 1985(3)

Title 42 U.S.C. § 1985(3) provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Thus, to state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination; and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) (plaintiff must allege these two elements to state § 1985(3) claim).  In the first amended complaint, there is no indication that

plaintiff is a member of a protected class or that defendants were motivated by purposeful discrimination. Moreover, "a conspiracy claim . . . requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010)(citations omitted). Plaintiff's factual allegations in the case at bar do not suggest such a "meeting of the minds" among the defendants. For these reasons, plaintiff's 42 U.S.C. § 1985(3) claims will be dismissed under § 1915 (e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that defendants shall reply to plaintiff's § 1983 retaliation claims, as set forth in the first amended complaint, **on or before April 16, 2012**.

**IT IS FURTHER ORDERED** that plaintiff's 42 U.S.C. § 1985(3) claims, set forth in the first amended complaint, are **DISMISSED**, without prejudice, as legally frivolous and for failure to state a claim or cause of action. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Partial Claim Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of March, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE