# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK P. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:11-CV-1906-JAR |
| | ) |
| TERRY WEBB, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's second amended complaint [Doc. #22].[1]  *See* 28 U.S.C. § 1915(e).  For the reasons stated below, the Court will order all defendants to reply to the second amended complaint relative to plaintiff's 42 U.S.C. § 1983 First Amendment retaliation claims. The Court will dismiss plaintiff's Fourteenth Amendment due process claims against defendant Terry Webb, as well as plaintiff's official capacity claims against all defendants.  *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] In his letter to the Clerk of Court dated March 29, 2012, plaintiff states that he is no longer pursuing a 42 U.S.C. § 1985(3) claim, but he is asserting a separate Fourteenth Amendment due process claim against defendant Terry Webb.  Plaintiff states that he wishes to litigate the due process claim along with his retaliation claims in this case.  As such, the Court will liberally construe the second amended complaint as attempting to assert First Amendment retaliation claims against all three defendants and Fourteenth Amendment due process claims against defendant Terry Webb.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Second Amended Complaint

Plaintiff, an inmate at the Potosi Correctional Center, has filed a second amended complaint under 42 U.S.C. § 1983. The named defendants are Terry Webb (Functional Unit Manager), Ian Wallace (Assistant Warden), and Timothy R. Lancaster (Institutional Investigator).

## A. First Amendment Retaliation Claims

Plaintiff alleges that he was placed in administrative segregation on November 23, 2010, in violation of proper prison procedures. He further alleges that it was not until December 14, 2010, that he learned during an interview with defendant Lancaster that he, plaintiff, was being investigated for allegedly circulating a petition against PCC correctional officer Brian Hall. Plaintiff claims that while he was confined in ad seg, Lancaster "went through [plaintiff's] personal property and confiscated [his] Informal Request (IRR) grievance complaint . . . explaining the oppressive and unprofessional and racist actions of COI Brian Hall[,] [a]s well as his racial profiling of African American prisoners in housing unit five." Lancaster also confiscated a letter, which plaintiff states he intended to send to "various officials explaining [Hall's] unprofessional behavior." Plaintiff claims that, on January 4, 2011, Lancaster issued him a major conduct violation for violating Rule 9.3 (Inciting Organized Disobedience) by "approaching offenders [and] circulating a petition (mass IRR) against COI Brian Hall and others." Plaintiff complains that he was found guilty of the violation on January 13, 2011, although a petition was never found, and the documents that Lancaster did confiscate were legally permissible at PCC, and he knew it. Plaintiff further alleges that defendant Wallace referred him to the "ad seg committee" for attempting "to misuse [the] IRR grievance system to remove/slander

3

officer." Plaintiff states that he was merely exercising his right to file a grievance based on what he considered to be legitimate complaints against a correctional officer. Plaintiff alleges that defendant Webb "made no attempt to investigate the alleged evidence for himself," refused to allow plaintiff to call witnesses and obtain video surveillance tapes for his disciplinary hearing, found him guilty of the false conduct violation, and sanctioned plaintiff to twenty days in disciplinary segregation. In addition, plaintiff states that he was placed in administrative segregation for "over six months," where his privileges allegedly were "atypical and significant."[2] Plaintiff states that "defendants very well knew that the only activity [he] was engaged in was encouraging other prisoners similarly situated and suffering the same abuses to exercise their right to engage the grievance system to have their complaints heard and addressed." He also states that because he was locked up, "everyone who had a complaint against officer Brian Hall . . . dropped them, or just no longer [had] an issue with him." Plaintiff asserts that defendants violated his constitutional rights by "retaliating against [him] for attempting to seek redress through the grievance system provided by the D.O.C."

---

[2]Plaintiff summarily states that he "had a state-created liberty interest in avoiding this hardship."

The Court finds that plaintiff's allegations state actionable First Amendment retaliation claims against all three defendants under § 1983. *See Williams v. Silvey*, 375 Fed.Appx. 648 (8th Cir. 2010)(plaintiff stated § 1983 retaliation claim in action claiming defendants initiated false disciplinary proceedings in retaliation for filing grievances and complaining to prison officials); *Haynes v. Stephenson*, 588 F.3d 1152, 1155-56 (8th Cir. 2009)(prisoner must show he exercised protected right and suffered discipline, and that exercise of protected right was motivation for discipline; filing disciplinary charge is actionable under § 1983 if done in retaliation for inmate filing grievance, because retaliatory disciplinary charge strikes at heart of constitutional right to seek redress of grievances); *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007)(alleged retaliatory action must be such that it would chill person of ordinary firmness from engaging in protected activity); *cf. Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994)(threat of retaliation is sufficient injury if made in retaliation for inmate's use of prison grievance procedure). The Court will, therefore, order defendants to reply to plaintiff's § 1983 First Amendment retaliation claims.

### B. Fourteenth Amendment Due Process Claims

#### 1. Procedural Due Process

Plaintiff alleges that defendant Terry Webb's actions, as set forth above, also violated his Fourteenth Amendment procedural due process rights in that he was not allowed to call witnesses and obtain video surveillance tapes for his disciplinary hearing. He claims that the conditions of his administrative segregation confinement were atypical and significant in comparison to those in general population. In administrative segregation, for example, plaintiff states he was in his cell twenty-four hours a day, he showered three times a week, he got one hour of outside fresh air three times a week, visitation was "no contact" and was restricted to two hours, cell cleaning occurred once a week, and he could use the telephone once every sixty days. In general population, he states, for instance, that he could be out of his cell fourteen hours a day, he got ten hours of recreation every week, he enjoyed full canteen privileges, he could have contact visits and daily telephone privileges, there was a dog training program, and he had a job in a metal chair factory.

For Fourteenth Amendment procedural due process to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). As set forth in the second amended complaint, plaintiff's allegations do not indicate that he has suffered

this type of atypical and significant hardship in which the state might conceivably create a liberty interest. *Cf. id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997)(same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997)(same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary detention and 100 days in maximum-security cell).  For these reasons, the Court will dismiss, without prejudice, plaintiff's Fourteenth Amendment procedural due process claims against defendant Terry Webb.

### 2. Substantive Due Process

Plaintiff alleges that defendant Terry Webb violated his substantive due process rights, in addition to his First Amendment rights, by placing him in administrative segregation in retaliation for plaintiff's attempt to seek redress through the PCC grievance system.

At this point, it is important to note the difference between constitutional retaliation claims arising under the Due Process Clause of the Fourteenth Amendment and those arising under a more specific provision of the Constitution, such as the First

Amendment. United States Supreme Court precedent suggests that these two types of claims should not be conflated. *See Graham v. Connor*, 490 U.S. 386 (1989). In *Graham*, the Supreme Court rejected various lower courts' reliance on substantive due process standards in evaluating an excessive-use-of-force claim against a "free citizen," where such claims were covered by explicit provisions in the Constitution, namely the Fourth Amendment. *Id*. at 392-95.[3] Later, in *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court explained that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273(quoting *Graham*, 490 U.S. at 395); *see also*, *Thaddeus-X v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999)(applying analytical framework of First Amendment to plaintiffs' claims they were retaliated against for engaging in the constitutionally-protected activity of accessing the courts; abrogating the Circuit's prior decisions imposing Fourteenth Amendment substantive due process test to prisoners' claims of retaliation in violation of an enumerated constitutional right).

---

[3]More specifically, the Court pointed to the Second Circuit's four-factor substantive due process test in *Johnson v. Glick*, 481 F.2d 1028, *cert. denied*, 414 U.S. 1033 (1973), as an illustration of what should *not* be used when an enumerated constitutional right is available as a source of protection.

Applying these precepts to the case at bar, the Court concludes that because plaintiff's retaliation claims arose out of his attempts to petition for redress of grievances under PCC's prison grievance system, it is the First Amendment that must be the exclusive guide for analyzing plaintiff's retaliation claims. In other words, it is this particular amendment that provides the explicit textual source of constitutional protection, and therefore, the more generalized notion of Fourteenth Amendment substantive due process should not be used. *See, e.g., Cornell v. Woods*, 69 F.3d 1383, 1387-90 (8th Cir. 1995)(analyzing claim of retaliatory discipline exclusively under First Amendment). Thus, because the First Amendment properly covers plaintiff's retaliation claims against all three defendants, the Court will dismiss, without prejudice, plaintiff's Fourteenth Amendment substantive due process claims against Terry Webb.

### C.  Individual and Official Capacity Claims

Plaintiff brings this action against the three defendant PCC employees in both their individual and official capacities.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under

§ 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all three defendants in their official capacities. The Court will, however, allow this action to proceed against all defendants as to their individual capacities, as more fully discussed, *supra*.

Accordingly,

**IT IS HEREBY ORDERED** that, **on or before May 7, 2012**, all defendants shall answer or otherwise reply in their individual capacities to plaintiff's § 1983 First Amendment retaliation claims, as set forth in the second amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment due process claims against defendant Terry Webb are **DISMISSED**, without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against all defendants are **DISMISSED**, without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Partial Claim Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of April, 2012.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE