**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| FREDERICK P. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TERRY WEBB, et al., | ) |
| | ) |
| Defendants. | ) |

No. 4:11-CV-1906-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Terry Webb, Ian

Wallace, and Timothy R. Lancaster to dismiss the second amended complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. #27]. Plaintiff opposes

the motion, and the issues have been fully briefed. For the reasons stated below,

defendants' motion to dismiss will be denied.

### I. Background

Plaintiff, an inmate at the Potosi Correctional Center ("PCC"), brings this

action against PCC employees Terry Webb, Ian Wallace, and Timothy R.

Lancaster for monetary damages pursuant to 42 U.S.C. § 1983. Plaintiff filed his

second amended complaint on April 10, 2012 [Doc. 22]. Plaintiff alleges that

defendants, in their individual capacities, retaliated against him for exercising his

First Amendment rights. In their motion to dismiss, defendants contend that plaintiff has failed to plead a facially-sufficient 42 U.S.C. § 1983 claim for retaliation. In addition, defendants argue that plaintiff's factual allegations show that they are entitled to qualified immunity.

## II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims "which are fatally flawed in their legal premises . . . thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir.2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). To survive a motion to dismiss for failure to state a claim, a complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In civil rights actions, a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). Moreover, a federal court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed.R.Civ.P.

12(b)(6); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The task of a court is then

"to review the plausibility of the plaintiff's claim as a whole, not the plausibility of

each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d

893, 896 n. 4 (8th Cir.2010) (citing *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d

585, 594 (8th Cir.2009) (noting "the complaint should be read as a whole, not

parsed piece by piece to determine whether each allegation, in isolation, is

plausible")). A motion to dismiss should not be granted merely because a

complaint does not state with precision every element of the offense necessary for

recovery. *Roberts v. Walmart Stores, Inc.*, 736 F. Supp. 1527, 1528 (E.D. Mo.

1990). "A complaint is sufficient if it contains allegations from which an

inference can be drawn that evidence on these material points will be introduced at

trial." *Id.* (internal quotations and citation omitted). Therefore, a motion to

dismiss a complaint should not be granted unless it appears beyond doubt that the

plaintiff can prove no set of facts which would entitle him to relief. *Coleman v.

Watt*, 40 F.3d 255, 258 (8th Cir. 1994); *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th

Cir. 1993).

Viewing the allegations in the light most favorable to plaintiff, the Court

accepts the following facts as true for the purpose of adjudicating the instant

motion to dismiss.

-3-

## III. Facts As Alleged

On November 23, 2010, plaintiff was placed in PCC's administrative

segregation in violation of proper prison procedures. It was not until December

14, 2010, that he learned during an interview with defendant Lancaster that he,

plaintiff, was being investigated for allegedly circulating a petition against a PCC

correctional officer, Brian Hall.

While plaintiff was confined in administrative segregation, Lancaster went

through plaintiff's personal property and confiscated his informal request

grievance complaint ("IRR") that explained the oppressive, unprofessional, and

racist actions of Correctional Officer Brian Hall, as well as Hall's racial profiling

of African American prisoners in PCC housing unit five. Lancaster also

confiscated a letter that plaintiff had written and intended to send to various

officials explaining Hall's unprofessional behavior.

On January 4, 2011, Lancaster issued plaintiff a major conduct violation for

violating Rule 9.3 (Inciting Organized Disobedience), purportedly after receiving

information that plaintiff was approaching offenders and circulating a "petition,"

or "mass IRR," against Correctional Officer Brian Hall and others. The

petition/mass IRR referenced in the conduct violation was actually plaintiff's

aforementioned IRR grievance and the letter he had wanted to send to various

-4-

officials. No other petition/mass IRR was ever found, because one never existed.

In the complaint Plaintiff alleges that Defendant Webb, the disciplinary hearing officer, made no attempt to investigate the alleged evidence for himself and did not even read a written statement plaintiff had submitted on his own behalf. In addition, Webb refused to allow plaintiff to call witnesses and to obtain video surveillance tapes for his disciplinary hearing, which would have established plaintiff's innocence. Plaintiff was found guilty of the conduct violation on January 13, 2011. He was sanctioned to twenty days in disciplinary segregation, although a petition/mass IRR was never found, and the documents that had been confiscated from plaintiff's cell were legally permissible at PCC, as well as constitutionally protected, and defendants knew it.

Defendant Wallace, the Assistant Warden, referred plaintiff to the administrative segregation committee for attempting to misuse the IRR grievance system in order to slander or remove a correctional officer. In actuality, however, plaintiff was merely exercising his right to file a prison grievance based on what he considered to be his legitimate complaints against a correctional officer. The correctional officer about whom plaintiff was complaining, Brian Hall, was not only a colleague, but a friend, of the defendants, and all defendants were fully

abreast of the multitude of allegations made against Officer Brian Hall by plaintiff and other inmates.

Plaintiff ultimately spent over six months in administrative segregation, although defendants knew very well that the only activity he had engaged in was encouraging other prisoners, who were similarly situated and suffering the same abuses, to exercise their right to engage in the grievance system. This conduct does not violate a prison rule, and in fact, the Department of Corrections rule book encourages inmates to do this. Because plaintiff was locked up, everyone who had complaints against Officer Brian Hall dropped them, or simply no longer had an issue with him. Plaintiff alleges that defendants violated his First Amendment constitutional rights by retaliating against him for attempting to seek redress through the grievance system provided by the Missouri Department of Corrections.

## IV. Discussion

### A. Failure to State a Retaliation Claim

Defendants assert that plaintiff has failed to plead a facially-sufficient § 1983 retaliation claim, because he has failed to allege that the motivating factor for the disciplinary actions was to retaliate against plaintiff's constitutionally-protected act. Defendants' argument fails in light of the facts set forth above. In

-6-

addition, this Court has already ruled in a detailed Memorandum and Order that
plaintiff's allegations do, in fact, state actionable First Amendment retaliation
claims against all three defendants under § 1983 [Doc. #23, page 5].[1] Defendants'
argument to the contrary is without merit.

## B. Qualified Immunity

Defendants further assert that, based on his own allegations, plaintiff's
claims for damages under § 1983 are barred by qualified immunity. The doctrine
of qualified immunity exists to "protect public officers from liability for the
exercise of discretion in performing a public duty; it reflects a decision that the
public is better served by public officials who will not be deterred by fear of
liability from executing the office with an independent and decisive judgment." *In
re Scott County Master Docket*, 672 F. Supp. 1152, 1172 (D. Minn. 1987) (citing
*Fowler v. Cross*, 635 F.2d 476 (5th Cir. 1981)). "Qualified immunity may protect

---

[1]When a Court conducts an initial screening of a case pursuant to 28 U.S.C.
§ 1915(e)(2)(B) and allows a plaintiff to proceed with claims against any of the
defendants, the Court has determined that the complaint, with regard to those
defendants, is not frivolous or malicious and, in fact, does state a claim or cause of
action. Here, the Court has already screened the second amended complaint under
§ 1915(e)(2)(B) [Doc. #23]. Some claims were dismissed, others were not. With
regard to the latter, the Court expressly determined that plaintiff's allegations
stated actionable First Amendment retaliation claims. Had the Court determined
that plaintiff's retaliation claims were frivolous or failed to state a claim upon
which relief could be granted, they would have been dismissed at that time.

-7-

government officials from liability under 42 U.S.C. § 1983, but not if their conduct violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 527 (8th Cir.2009) (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quotation omitted)).

In analyzing qualified immunity claims, a court considers two questions: (1) whether the facts that a plaintiff has alleged or shown, when viewed in the light most favorable to plaintiff, support a finding that a defendant's conduct violated a constitutional right; and (2) whether that constitutional right was "clearly established" such that a reasonable official would have known that his or her actions were unlawful. *Nelson*, 583 F.3d at 528 (citing *Pearson v. Callahan*, 555 U.S. 223 (2009)).

Defendants contend that there are two reasons why plaintiff's allegations do not support a finding that they violated his First Amendment rights. First, according to defendants, plaintiff alleges that defendant Lancaster's investigative report supported defendant Webb's finding of guilt, and therefore, because there was "some evidence" that plaintiff had actually violated a prison rule, no retaliatory constitutional violation could have occurred. *See Bandy-Bey v. Crist*, 578 F.3d 763, 766 (8th Cir. 2009). Second, there is no indication that defendants

-8-

Webb and Wallace were biased decision-makers. *See Bandy-Bey v. Crist,* 578 F.3d 763, 766 (8th Cir. 2009); *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). The Court disagrees.

The second amended complaint is devoid of any allegations that an investigative report supported a finding that plaintiff had incited organized disobedience. Plaintiff does, however, assert that he was found guilty and was punished despite the fact that a petition/mass IRR was never found, and all the documents that Lancaster did confiscate were legally permissible at PCC, and defendants knew it. Plaintiff clearly and repeatedly states that he was merely exercising his right to file a grievance based on what he considered to be legitimate complaints against a correctional officer, and all his actions were congruent with institutional rules. The valid exercise of one's First Amendment right to seek redress for prison grievances simply cannot constitute "some evidence" of inciting organized disobedience. Thus, it is incongruous for defendants to argue that a major conduct violation report, stating that an inmate was in possession of his own IRR and his own written letter expressing his prison grievances to other officials, could ever constitute "some evidence" of his guilt.

Defendants' second contention that Webb and Wallace were impartial decision-makers is inconsistent with the second amended complaint that is replete

with assertions indicating that these two defendants were not neutral and unbiased.

Plaintiff specifically states that Correctional Officer Brian Hall was not only a

colleague, but a friend, of the defendants. Plaintiff asserts that all defendants were

fully abreast of the multitude of allegations made against their friend, Brian Hall,

by plaintiff and other prisoners. Plaintiff further alleges that defendant Webb

made no attempt to investigate the alleged evidence for himself, and he refused to

allow plaintiff to call witnesses and obtain video surveillance tapes for his

disciplinary hearing, which would have established his innocence. According to

plaintiff, he was found guilty of a major conduct violation based solely upon his

constitutionally-protected written grievances that complained about defendants'

friend and colleague, Brian Hall. Plaintiff's allegations amply support his claim

that defendants violated his First Amendment constitutional right to petition for

the redress of his prison grievances. Defendants' qualified immunity arguments to

the contrary are unavailing.

It is well-settled that a prisoner has a First Amendment right to petition the

government to redress his grievances, and prison officials are precluded from

penalizing a prisoner for exercising those rights. *Nelson v. Shuffman*, 603 F.3d

439, 449-50 (8th Cir. 2010) (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th

Cir. 1989)). Moreover, an action by a prison official "in retaliation for the

exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990) (quotation and citations omitted).

Thus, with regard to the instant case, plaintiff's constitutional right to seek redress for his prison grievances was clearly established at the time the alleged incidents occurred. Viewing plaintiff's allegations as true and in a light most favorable to him, the Court concludes that a reasonable prison official would have known his actions constituted a violation of plaintiff's First Amendment rights. Accordingly, defendants are not entitled to qualified immunity on plaintiff's First Amendment retaliation claim, and their motion to dismiss will be denied.

Accordingly,

-11-

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #27]

is **DENIED**, without prejudice.

Dated this _____ day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE