**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| FREDERICK P. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-1906-JAR |
| ) | |
| TERRY WEBB, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel. [ECF No. 59] A review of the docket indicates Plaintiff first requested appointment of counsel on October 11, 2012. [ECF No. 54] Plaintiff's request was considered in light of relevant factors, see Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), and denied without prejudice on October 18, 2012. [ECF No. 57] Plaintiff filed the instant motion for appointment of counsel on November 2, 2012.

Again, the appointment of counsel for a *pro se* litigant lies within the discretion of the Court, since there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir.2006) (citation omitted); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.") When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, including the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present the claims. Stevens, 146 F.3d at 546.

The Court finds nothing in the record to warrant appointment of counsel at this time. This case is neither factually nor legally complex. Moreover, it is evident that Plaintiff is able to articulate and clearly present his claims, because the Court has ordered Defendants to respond to Plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [59] is **DENIED** without prejudice.

Dated this __9__ Day of November, 2012.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE