UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FREDERICK P. DAVIS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:11-CV-1906-JAR |
|  | ) |  |
| TERRY WEBB, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File An Amended Complaint[1] [ECF No. 68], Plaintiff's Motion for Leave to File Amended Complaint in Response to Case Management Order [ECF No. 70], and Plaintiff's Motion for Appointment of Counsel For Deposition Hearing. [ECF No. 71]

On November 1, 2011, Plaintiff filed a Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983. With leave of Court, Plaintiff filed a Second Amended Complaint on April 10, 2012. [ECF No. 22] Plaintiff now requests, in two separate motions, leave to file a third amended complaint because his original complaint did not correctly state relief or money damages. To preserve the right to amend a complaint, a plaintiff must file a separate motion for leave to amend, with the proposed amendment attached. Clayton v. White Hall School Dist., 778 F.2d 457, 460 (8th Cir. 1985). In this respect, Plaintiff's Motion for Leave to File An Amended Complaint [ECF No. 68] is deficient. Plaintiff's later filed Motion for Leave to File Amended

---

[1] Plaintiff has also submitted an exhibit "H" which he requests be incorporated into his pending Motion for Injunction. (Doc. No. 68-1)

Complaint in Response to Case Management Order [ECF No. 70] complies with this requirement, and the Third Amended Complaint attached to the motion corrects the omission in the first motion. Upon consideration, the Court will grant Plaintiff's later filed motion and deny his earlier motion as moot.

With regard to Plaintiff's motion for appointment of counsel to represent him at his deposition, a review of the docket indicates that Plaintiff first requested appointment of counsel on October 11, 2012. (Doc. No. 54) Plaintiff's request was considered in light of relevant factors, see Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), and denied without prejudice on October 18, 2012. (Doc. No. 57) Plaintiff filed a second motion for appointment of counsel on November 2, 2012 (Doc. No. 59), which was denied without prejudice on November 9, 2012. (Doc. No. 61) In the instant motion, Plaintiff requests that counsel be appointed to represent him at his deposition because he fears that counsel for Defendants will misrepresent the facts of the case and intimidate him into answering questions. Upon consideration, the Court will deny this request. Plaintiff has demonstrated his ability to investigate, understand and present his claims without the assistance of counsel. Furthermore, Plaintiff's concerns about defense counsel's conduct at his deposition are misplaced. Attorneys are required to adhere to rigid standards of ethical conduct and to use the law's procedures for legitimate purposes only, not to harass or intimidate others. See Model Rules of Professional Conduct Preamble, at 9 (1992).[2] The Court is

---

[2] Local Rule 12.02 of the United States District Court for the Eastern District of Missouri adopts the "Code of Professional Responsibility adopted by the Supreme Court of Missouri." See E.D. Mo. L.R. 12.02. The Supreme Court of Missouri adopted the Rules of Professional Conduct ("Model Rules") effective January 1, 1986. See Mo. Sup.Ct. R. 4. The Court will, therefore, apply the Model Rules. Gilmore v. Goedecke Co., 954 F.Supp. 187 (E.D.Mo. 1996).

confident that the parties will conduct themselves in a professional and courteous manner.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint in Response to Case Management Order [70] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File An Amended Complaint [68] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall separately docket Plaintiff's Exhibit H, attached to Document No. 68, as a Supplement to Plaintiff's Motion for Injunction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel For Deposition Hearing [71] is **DENIED** without prejudice.

Dated this 28th day of December, 2012.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE