**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| FREDERICK P. DAVIS, | ) ) ) ) | |
| Plaintiff, | ) | No. 4:11-CV-1906-JAR |
| | ) | |
| v. | ) ) | |
| TERRY WEBB, et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the following motions related to discovery filed by Plaintiff: Motion to Compel [ECF No. 76]; Motion for Extension of Time [ECF No. 81]; Motion to Compel [ECF No. 83]; Motion to Compel [ECF No. 84]; Motion for Extension of Time [ECF No. 85]; Motion to Compel [ECF No. 86]; Motion for Extension of Time [ECF No. 91]; Motion Requesting Court to Enlarge Time or Extend Discovery Schedule [ECF No. 94]; Motion to Request Leave of Court to File Amended Admissions [ECF No. 95]; as well as Plaintiff's Request for Extension of Time to Respond to Defendants Motion for Summary Judgment. [ECF No. 101]

**Background**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his First Amendment rights. Specifically, Plaintiff alleges Defendants disciplined him in retaliation for circulating a petition among inmates against Officer Brian Hall, a non-party. (Third Amended Complaint ("TAC"), Doc. No. 75)

## Motions to Compel

There are four pending motions to compel. (Doc. Nos. 76, 83, 84 and 86) In response to Plaintiff's motions, Defendants argue that Plaintiff's motivation in filing these motions is not to participate in discovery in good faith, but rather to harass them with frivolous filings. (Doc. Nos. 82, 89) Defendants further respond that Plaintiff has failed to comply with the local rules by communicating with them in an attempt to resolve any discovery disputes prior to filing his motions. (Id.)

As a threshold matter, any motion concerning discovery, such as a motion to compel, must comply with Local Rule 3.04(A)[1] and Rule 37(a)(1)[2], Fed.R.Civ.P. These rules require that a discovery or disclosure-related motion include a statement of a good-faith attempt to resolve the discovery dispute prior to the filing of the motion.  The Court is compelled to point out that in the plethora of motions Plaintiff has filed with the Court, not one of his filings contains such a statement. Although Plaintiff is incarcerated, he must correspond with opposing counsel with respect to any discovery or disclosure dispute *prior* to filing a motion to compel or other motion relating to discovery or disclosure. Plaintiff must then describe the nature of that correspondence

---

[1] E.D.Mo. L.R. 37-3.04(A) states:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

[2] Fed. R. Civ. P. 37(a)(1) states that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

in the discovery motion, as required by Local Rule 3.04(A).  See Faretta v. California, 422 U.S. 806, 934–35 n. 46 (1975) (pro se litigant must comply with relevant rules of procedure).[3]  That said, the Court will address Plaintiff's motion in turn.

In his Motion for an Order Compelling Discovery of Defendants' Interrogatories and Production of Documents (Doc. No. 76) filed December 31, 2012, Plaintiff seeks an order compelling Defendants to respond to his first set of interrogatories and second set of requests for production of documents. In response, Defendants state they received Plaintiff's discovery on December 3, 2012, and mailed their responses to his first set of interrogatories and second set of requests for production of documents, as well as their supplemental initial disclosures on December 27, 2012 without delay and within 30 days of receipt.[4] (Doc. No. 82) Because Defendants timely responded to Plaintiff's requests, Plaintiff's motion to compel [76] will be denied.

In his Motion for an Order Compelling Discovery (Doc. No. 83) filed January 24, 2013, Plaintiff states he submitted a "motion for production of documents" on or about December 13, 2012, but has not yet received the documents requested. Defendants respond that they received Plaintiff's Third Request for Production of Documents on December 20, 2012, and timely mailed over 40 pages of responsive documents to Plaintiff on January 18, 2013. (Doc. No. 89, p. 2)

---

[3] On February 22, 2013, Plaintiff filed his Response to Defendants' Motion in Opposition to Plaintiff's Motion(s) to Compel (Doc. No. 93) wherein he states that "as of February 11, 2013, Plaintiff sent Defendants a correspondence requesting the same documents listed in Plaintiff's motions(s) to compel in an attempt to resolve the conflict and expedite the discovery process." (Id., ¶ 8) On March 15, 2013, Plaintiff filed a Supplement Response stating that he has attempted to communicate with Defendants to resolve the discovery disputes, but that Defendants have been evasive with regard to his interrogatories and requests for production of documents. (Doc. No. 99)

[4] The responding party must serve its answers and any objections within 30 days after being served with interrogatories. Fed.R.Civ.P. 33(b)(2). The party to whom a request for production is directed must respond in writing within 30 days after being served. Fed.R.Civ.P. 34(b)(2)(A).

Because Defendants timely responded to Plaintiff's Request, Plaintiff's motion to compel [83] will be denied.

In his Motion for an Order Compelling Discover [sic] (Doc. No. 84) also filed January 24, 2013, Plaintiff seeks an order from this Court compelling Defendants to fully answer interrogatories directed at Timothy Lancaster (nos. 5, 15, and 17), Terry Webb (nos. 14, 15, 18, 19) and Ian Wallace (nos. 8, 9, and 13). The Court has reviewed the interrogatories served on Defendants Lancaster, Webb and Wallace and makes the following rulings:

**Interrogatories directed to Defendant Lancaster** (Doc. No. 84-1)

**5) Have you ever been reprimanded, verbally or written while you have been employed with the Missouri Department of Correction, for any reason?**

Lancaster objects on grounds of relevance. Lancaster also objects because Mo. Rev. Stat. § 217.075 prohibits the disclosure of information that may affect the safety and security of a corrections facility and because under Mo. Rev. Stat. § 610.021, personnel files of state employees are closed records. Lancaster states that to the extent Plaintiff now claims an answer to this request will show some bias or falsified documents in this case, he has already answered in his interrogatories that he had no bias and did not falsify any documentation. In addition, Lancaster produced an unredacted version of his investigation report with a witness statement against Plaintiff. The Court finds this response sufficient and provides no basis for an order compelling Defendant Lancaster to supplement his answer.

**15) In the context and definition established in the offender rulebook for [9.3-Inciting Organized Disobedience]. Although you sited Frederick P. Davis as the individual who incited organized disobedience of offenders, shouldn't more offenders have been locked up for participating?**

Lancaster objects on the grounds that this is not relevant as to whether Plaintiff attempted to organize or incite offenders to disobey. Again, to the extent Plaintiff now claims an answer to

this request will show some bias or falsified documents in this case, Lancaster states he already answered in his interrogatories that he had no bias and did not falsify any documentation. In addition, he produced an unredacted version of his investigation report with a witness statement against Plaintiff. The Court finds this response sufficient and provides no basis for an order compelling Defendant Lancaster to supplement his answer.

**17) Did any offender, other than the one who made the allegation, tell you Frederick P. Davis circulated a Petition of IRR to them?**

Lancaster objects on the grounds of relevance. Whether there were other offenders who reported Plaintiff is information relevant to Plaintiff's claim; however, relevant evidence may still be excluded if its probative value is outweighed by the harm likely to result from its admission. Because the Court finds that disclosing the identity of those individuals, if any, who reported Plaintiff would implicate the safety and security of both the individuals and the corrections facility itself, the Court will not compel Lancaster to answer.

**<u>Interrogatories directed to Defendant Wallace</u>** (Doc. 84-2)

**8) In accordance with the rules of the grievance procedure, did Frederick P. Davis have a right to use the grievance procedure to file a complaint against CO-I Brian Hall for what he deemed to be inappropriate behavior and offender abuse?**

Wallace objects on the grounds that the grievance policies speak for themselves and that Plaintiff is improperly asking for his interpretation of policies and procedures. Moreover, Plaintiff has access to the policies and procedures. Finally, these policies are not relevant to Plaintiff's claim in that he was disciplined for inciting organized disobedience, and not for filing a standard IRR. Because the information Plaintiff seeks is not relevant to his claim, the Court will sustain Wallace's objection.

**9) Did Frederick P. Davis have a right to request as a remedy to his grievance, for CO-I Brian Hall to be removed from housing unit (5) five (PAC) unit?**

Wallace objects on the grounds of relevance. Again, Plaintiff was disciplined for inciting organized disobedience, and not for filing a standard IRR. Because the information Plaintiff seeks is not relevant to his claim, the Court will sustain Wallace's objection.

**13) Was the documents Timothy Lancaster based the [9.3- Inciting Organized Disobedience] conduct violation on he issued to Frederick P. Davis an [IRR-Grievance and a letter]?**

Wallace objects on the grounds that the conduct violation and report speaks for itself and that it appears Plaintiff is improperly asking him to interpret Lancaster's conclusions. Moreover, Defendants produced to Plaintiff the conduct violation and report which contains additional evidence of Plaintiff inciting organized disobedience, including a witness statement. The Court will sustain Wallace's objection.

**Interrogatories directed to Defendant Webb** (Doc. No. 84-3)

**14) Is it a violation of any rule at the Potosi Correctional Center or Department of Correction to show another offender an [IRR]?**

Webb objects on the grounds of relevance. Again, Plaintiff was disciplined for inciting organized disobedience, and not simply for showing another offender an IRR. Because the information Plaintiff seeks is not relevant to his claim, the Court will sustain Webb's objection.

**15) While as functional unit manager at Potosi Correctional Center, did you receive any type of complaints from offenders regarding CO-I Brian Hall?**

Webb objects on the grounds of relevance since this has no bearing on whether Plaintiff incited organized disobedience. Further, complaints by other offenders are confidential and closed records and cannot be disclosed to Plaintiff. Mo. Rev. Stat. § 610.021. The Court will sustain Webb's objection.

**18) Was it possible for you to get the names of the offenders Frederick P. Davis requested to be interviewed from Timothy Lancaster?**

Webb objects on the grounds that there is sufficient evidence to find Plaintiff guilty of

inciting organized disobedience as shown in the investigative report. Without waiving his objection, Webb subsequently answered this question in one of the several other discovery requests sent to Defendants. Specifically, in Plaintiff's First Request for Admissions directed to Defendant Webb, Webb was asked to admit "that you could have gotten the names of the inmates Frederick P. Davis requested to be interviewed from Timothy R. Lancaster," and he denied this. The Court finds that Webb has answered Plaintiff's interrogatory and there is no basis for an order compelling Defendant Webb to supplement his answer.

**19) Did you review the video surveillance tapes Frederick P. David requested as evidence?**

Webb objects on the grounds that there was sufficient evidence to find Plaintiff guilty of inciting organized disobedience as shown in the investigative report. Without waiving his objection, Webb subsequently responded to Plaintiff's third Request for Production of Documents, stating Defendants were not aware of the existence any video surveillance footage relevant to this case. The Court finds that Webb has answered Plaintiff's interrogatory and there is no basis for an order compelling Defendant Webb to supplement his answer.

As Defendants have properly objected and responded to Plaintiff's first set of interrogatories, Plaintiff's Motion to Compel (Doc. No. 84) will be denied.

In his Motion for an Order Compelling Discovery of Documents from Defendants (Doc. No. 86), Plaintiff seeks documents responsive to request numbers 3-11, 13, 15, 16, 18 and 19. In response to Defendants' Opposition to Plaintiff's Motions to Compel, Plaintiff characterizes Defendants' answers as "vague, incomplete and untruthful." (Doc. No. 93)

The Court has reviewed the requests for production of documents and makes the following rulings:

**Request for Production No. 3**: Plaintiff seeks the written statements which Deputy Division

Director Dwayne Kempker claims to have reviewed and relied upon for his response to Plaintiff's offender grievance appeals. Defendants object because Kempker is not a party to this action and because § 217.075 prohibits the disclosure of information that may affect the safety and security of a corrections facility. Because Plaintiff has been provided with an unredacted copy of the investigation report, Defendants' objections will be sustained.

**Request for Production No. 4**: Plaintiff seeks written statements, reports and memoranda regarding the incident of November 23, 2010, which identify the staff member who reported the allegation to Defendant Lancaster. Defendants object based on security concerns. In addition, Defendants state they produced documents showing an offender, not a staff member, reported Plaintiff's conduct. Defendants' objection will be sustained.

**Request for Production Nos. 5, 6, 7, 9**: Plaintiff seeks written statements, reports and memoranda regarding the incident of November 23, 2010, which identify the offender who reported the allegation to Defendant Lancaster, and the caseworker, and which reference any conversations Lancaster had regarding Plaintiff with any offenders during the investigation. Defendants objected based on safety and security concerns about releasing the reporting offender's name, and instead issued a redacted investigation report. Defendants state that after learning of the death of this inmate, they produced an unredacted investigative report (Bates labeled Davis 193-195) on January 18, 2013 with their responses to Plaintiff's third set of requests for production of documents with the reporting offender's name. The Court finds Defendants have fully responded to Plaintiff's request.

**Request for Production No. 8**: Plaintiff seeks rules, regulations, standard operating procedures and policies of the MDOC and Potosi Correctional Center which provide that "showing other offender an IRR is a violation of the rules." Without waiving their objection that Plaintiff's request was argumentative and an attempt to mischaracterize the rules, Defendants state they produced the applicable rules to Plaintiff. The Court finds Defendants have fully responded to Plaintiff's request.

**Request for Production No. 10**: Plaintiff seeks MDOC Policy and Regulations for conducting an investigation. Even if there were no security concerns associated with supplying these policies to prisoners, the Court agrees with Defendants that the policies and procedures for conducting an investigation are not relevant to Plaintiff's claim of retaliation. Defendants' objection will be sustained.

**Request for Production No. 11**: Plaintiff seeks the officers' code of conduct requirements. Defendants object on the grounds of relevance. Even if there were no security concerns associated with supplying the policies regulating officer conduct to prisoners, the Court agrees with Defendants that they are not relevant to Plaintiff's claim. Moreover, Defendants state that once Plaintiff narrowed his request to a specific non-confidential policy, Defendants provided policies D2-11.10 Staff Conduct (Bates labeled Davis 154- 165), and D1-8.6 Offender Abuse (Bates labeled Davis 183-192), on January 18, 2013 in response to Plaintiff's third request for production of documents. The Court finds Defendants have fully responded to Plaintiff's request.

**Request for Production No. 13**: Plaintiff seeks the first page of the letter Defendant Lancaster

confiscated from Plaintiff. Subject to their objection that the request is not limited as to time, Defendants state they produced the documents confiscated from Plaintiff's property. The Court finds Defendants have fully responded to Plaintiff's request.

**Request for Production No. 15**: Plaintiff seeks the IRRs claimed to be in his handwriting. Subject to Defendants' objections based on safety and security concerns, Defendants state they produced these documents (Bates labeled Davis 1-6) as well as the unredacted investigation report (Bates labeled Davis 193-195) on January 18, 2013 with their responses to Plaintiff's third set of requests for production of documents showing the reporting offender's statement against Plaintiff. The Court finds Defendants have fully responded to Plaintiff's request.

**Request for Production No. 16**: Plaintiff seeks all conduct violation reports written by CO-I Brian Hall from 2009-2010 with the race of each offender identified. Defendants object on grounds of relevance. Plaintiff contends that Defendant Lancaster falsified his investigative report. He bases this on a perceived contradiction between Lancaster's statement that Hall's reports were "exactly" 50% white and 50% black and Lancaster's response to Plaintiff's request for admissions, wherein he stated that Hall's reports were "approximately" 50% white and 50% black. Plaintiff's contention is without merit. Moreover, the Court agrees that there are safety and security concerns associated with producing the disciplinary records of other offenders. Defendants' objections will be sustained.

**Request for Production Nos. 18**, **19**: Plaintiff seeks IRR-Grievances that Lancaster claims are duplicates of Plaintiff's IRR-Grievance as well as those dropped after Plaintiff was placed in administrative segregation. Defendants object on grounds of relevance and because the request is not limited in time or to the allegations of Plaintiff's complaint. Further, pursuant to § 610.021, grievances filed by other offenders are confidential and closed records which cannot be disclosed to Plaintiff. Subject to their objections, Defendants produced the unredacted investigation report (Bates labeled Davis 193-195) on January 18, 2013 with their responses to Plaintiff's third set of requests for production of documents) showing the reporting offender's statement against Plaintiff. The Court finds Defendants have fully responded to Plaintiff's request.

### Motions for Extension of Time

There are five motions seeking extensions of time. (Doc. Nos. 81, 85, 91, 94, 101) On January 16, 2013, Plaintiff requested an extension of time up to and including February 14, 2013 to respond to Defendants' objections to his interrogatories and document requests. (Doc. No. 81) On January 25, 2013, Plaintiff filed his Response to Defendants' Objections. Thus, Plaintiff's motion [81] will be denied as moot.

With respect to Plaintiff's Motions for Extension of Time to Respond (Doc. Nos. 85, 91), in light of Plaintiff's Response to Defendants' Motion in Opposition to Plaintiff's Motion to

Compel (Doc. No. 90) filed February 1, 2013, and Plaintiff's Response to Defendants' Response to Defendants' Motion in Opposition to Plaintiff's Motions to Compel (Doc. No. 93) filed February 22, 2013, Plaintiff's motions [85, 91] will be denied as moot.

On March 7, 2013, Plaintiff filed a Motion to Enlarge Time or Extend Discovery Schedule. (Doc. No. 94) and a Motion to Request Leave of Court to File Amended Admissions. (Doc. No. 95) Defendants oppose Plaintiff's motions on the grounds that discovery closed in this case over three months ago, on January 18, 2013. The case is straight forward and not complex and Plaintiff has had ample opportunity to conduct discovery, serving multiple requests for production of documents, admissions and interrogatories. (Doc. No. 96) The Court has reviewed Plaintiff's amended admissions, and finds them to be argumentative and not true requests for admission. Moreover, Defendants filed their motion for summary judgment on March 18, 2013 (Doc. No. 97) and Plaintiff filed his response on April 18, 2013. (Doc. No. 102) For all these reasons, Plaintiff's motions [94, 95] will be denied.

Finally, Plaintiff requests an extension of time to respond to Defendants' Motion for Summary Judgment. (Doc. No. 101) In light of his Memorandum and Brief in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment filed April 18, 2013 (Doc. No. 102), Plaintiff's motion will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions to compel [76, 83, 84, and 86] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for extension of time [81, 85, and 91] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Court to Enlarge Time

or Extend Discovery Schedule [94] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Request Leave of Court to File Amended Admissions [95] is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Request for Extension of Time to Respond to Defendants Motion for Summary Judgment [101] is **DENIED** as moot.

_____

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of May, 2013.