UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK P. DAVIS, ) | |
| ) | |
| Plaintiff, ) | No. 4:11-CV-1906-JAR |
| ) | |
| v. ) | |
| ) | |
| TERRY WEBB, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motions for Injunction. [ECF No. 60, 79] Plaintiff alleges he was placed in administrative segregation and denied access to legal material and research by Defendant Lancaster in retaliation for filing his § 1983 action.  (Doc. No. 60) Plaintiff also alleges retaliatory transfer based on his belief that he was being transferred farther away from his family and friends. (Doc. No. 79-1)

In response, Defendants argue that Plaintiff's motions do not relate to his § 1983 claim and fails to state a claim which calls for extraordinary relief. (Doc. No. 63) Defendants submit the Temporary Administration Segregation Confinement ("TASC") form which discloses that Plaintiff was placed in administrative segregation because he was under investigation for manufacturing a weapon. (Doc. Nos. 63-1, 63-2) Defendants argue that Plaintiff's motions for injunctive relief arise from this investigation and do not relate to his complaint alleging retaliation. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") Defendants also submit an affidavit

from Plaintiff's caseworker who states that Plaintiff was provided with a Qualified Legal Claim form to request the legal materials he claims he needs, despite the fact that he had not requested the form. (Doc. No. 63-1)

Plaintiff replies that his motion is related to his complaint because Defendant Lancaster, a named defendant in his § 1983 suit, is abusing his position by preventing Plaintiff from effectively litigating his claim against him. (Doc. No. 65)

A review of the file in this matter indicates that Plaintiff has been transferred to ERDCC in Bonne Terre, Missouri, from the Potosi Correctional Center in Mineral Point, Missouri. When a prisoner has been transferred to a new correctional facility, his claims for injunctive relief are properly denied as moot. See Gladson v. Iowa Department of Corrections, 551 F.3d 825, 835 (8th Cir.2009); Pratt v. Correctional Corp. of America, 267 Fed. Appx. 482 (8th Cir.2008); Smith v. Hundley, 190 F.3d 852, 855 (8th Cir.1999); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). Thus, Plaintiff's claims as they relate to conditions at the Potosi Correctional Center will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Injunction [60, 79] are **DENIED** as moot.

Dated this 6th day of May, 2013.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**