UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK P. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11-CV-1906-JAR |
| ) | |
| TERRY WEBB, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 97) and Plaintiff's Motion to Strike Affidavit of Terry Webb. (Doc. No. 106) Plaintiff brings this action under 42 U.S.C. § 1983 against defendants Terry Webb, Ian Wallace and Timothy Lancaster, in their individual capacities, for alleged violations of his First Amendment rights. Specifically, Plaintiff alleges Defendants disciplined him in retaliation for filing informal resolution requests ("IRRs") and grievances against prison officials. (Third Amended Complaint (TAC), Doc. No. 75)[1] In their motion for summary judgment, Defendants contend that Plaintiff's § 1983 claim for retaliation fails as a matter of law. In addition, Defendants argue they are entitled to qualified immunity.

**Factual background**

As a threshold matter, Defendants argue that Plaintiff has failed to comply with Local Rule 7-4.01(E) by failing to "specifically controvert" their Statement of Uncontroverted Material

---

[1] Throughout their briefing the parties reference Plaintiff's second amended complaint filed April 10, 2012 (Doc. No. 22); however, Plaintiff was granted leave to file, and did file, a third amended complaint on December 28, 2012 (Doc. No. 75), which is the operative complaint to which the motion for summary judgment is addressed.

Facts.[2] (Reply, Doc. No. 58, pp. 1-2) Plaintiff's pro se status does not excuse him from responding to Defendants' motion "with specific factual support for his claims to avoid summary judgment," Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001), or from complying with local rules, see Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983). See also Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir.1993) (failing to allow pro se prisoner to disregard Federal Rules of Civil Procedure). As a result of his failure to respond to Defendants' statement of facts, Plaintiff is deemed to have admitted all facts in Defendants' statement of uncontroverted facts. Turner v. Shinseki, 2010 WL 2555114, at *2 (E.D.Mo. June 22, 2010) (citing Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168 (E.D.Mo.1999), aff'd, 232 F.3d 907 (8th Cir.2000), cert. denied, 531 U.S. 877). However, Plaintiff's failure to respond properly to the motion for summary judgment does not mean that summary judgment should be automatically granted in favor of Defendants. Even if the facts as alleged by Defendants are not in dispute, those facts still must establish that they are entitled to judgment as a matter of law. Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc., 332 S.W.3d 184, 191 (Mo.Ct.App. 2010) (citations omitted). See also Vandergrift v. Emerson, 2012 WL 15021, at *1 (W.D. Mo. Jan. 4, 2012).

In November 2010, Plaintiff Frederick Davis was an inmate in Housing Unit 5 at the Potosi Correctional Center ("PCC") in Mineral Point, Missouri. (Defendants' Statement of Uncontroverted Material Facts (SOF), Doc. No. 98-1, ¶ 7)

Defendant Timothy Lancaster was employed as an Administrative Inquiry Officer by the Missouri Department of Corrections ("MDOC") at PCC. As an Administrative Inquiry Officer,

---

[2] Plaintiff has filed a Verified Statement of Material Facts in Genuine Dispute (Doc. No. 102-2), to which Defendants have responded, denying the statements are material and noting that Plaintiff's citations to the record are either incorrect or do not exist. (Doc. No. 103-1) The Court will consider those statements where properly supported; however, mere arguments, speculation and/or conclusions fail to create a genuine issue of material fact sufficient to defeat summary judgment.

Lancaster investigated potential rule violations in the facility to ensure its safety and security. (SOF, ¶¶ 1-2)

Defendant Terry Webb was employed as a Functional Unit Manager by the MDOC at PCC. As a Functional Unit Manager, Webb was the hearing officer during disciplinary hearings. (SOF, ¶¶ 3-4)

Defendant Ian Wallace was employed as the Deputy Warden for the MDOC at PCC. As Deputy Warden, Wallace reviewed disciplinary hearing recommendations and decided whether the violation justified referral to the administrative segregation ("ad-seg") committee. (SOF, ¶¶ 5-6)

On or about November 23, 2010, Lancaster was interviewing offender David Stewart regarding issues in Housing Unit 5. During the course of this interview, Stewart advised Lancaster that Plaintiff was "mass producing" an IRR to file on staff Officer Brian Hall and had approached him and other offenders to mass file this complaint. Stewart showed Lancaster documents in Plaintiff's handwriting that supported these allegations. (SOF, ¶¶ 8-10) Finding Stewart to be a reliable informant because he had given truthful information numerous times, Lancaster informed Warden Troy Steele of the allegations. Warden Steele instructed Lancaster to place Plaintiff on Temporary Administrative Segregation status and conduct an inquiry. (SOF, ¶¶ 11-12)

Lancaster interviewed Plaintiff on December 14, 2010. (SOF, ¶ 13) Plaintiff stated he showed offenders his grievance (Doc. No. 98-5) and admitted assisting offenders David Stewart and Roland Alfred with their grievances. (SOF, ¶ 16) Lancaster also authorized a search of Plaintiff's cell, which produced documents supporting the allegations that Plaintiff was

3

circulating a mass IRR, namely three pages of a written complaint and one typed fill form complaint against Officer Hall. (SOF, ¶ 14; Doc. No. 98-11)

Based on this information, on January 4, 2011, Lancaster issued Plaintiff a major conduct violation for violating Rule 9.3 Inciting Organized Disobedience[3] by "writ[ing] and show[ing] a grievance to several offenders in an effort to persuade offenders to also file a complaint against [Officer] Hall." (SOF, ¶ 15; Doc. No. 98-5)

Webb was the hearing officer on Plaintiff's Rule 9.3 Organized Disobedience disciplinary hearing conducted on January 13, 2011. (SOF, ¶¶ 17, 18) Webb recommended Plaintiff be found guilty of the conduct violation based on the evidence, including Lancaster's written report and the offender's statements contained therein. (SOF, ¶ 21; Doc. No. 98-8)

Wallace reviewed the disciplinary hearing documents and Lancaster's report and found that Plaintiff's statements merited referral to the ad-seg committee. (SOF, ¶¶ 22-24) Plaintiff was disciplined for circulating mass IRRs, which is not allowed according to Department of Corrections Policy, i.e., Rule 9.3 Inciting Organized Disobedience. (SOF, ¶ 27)

**Legal Standard**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. The moving party has the burden to establish both the absence of a genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 247 (1986); <u>Celotex Corp. v Carrett</u>, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings but must set forth by affidavit or other

---

[3] Rule 9.3 prohibits "[i]nciting organized disobedience by encouraging offenders to assemble and refuse to disperse or to engage in other acts of organized disobedience."

evidence specific facts showing that a genuine issue of material facts exists. Fed. R. Civ. P. 56(e). At the summary judgment stage, the Court does not weigh evidence and decide the truth of the matter, but rather only determines if there is a genuine issue for trial. Anderson, 477 U.S. at 249.

**Discussion**

**Retaliation**

To prevail on a § 1983 claim for retaliation in violation of the First Amendment, Plaintiff must demonstrate "(1) that he engaged in a protected activity, (2) a government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." Santiago v. Blair, 707 F.3d 984, 991 (8th Cir. 2013) (citing Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004)).

An inmate's claim for retaliation must fail where the alleged retaliatory conduct violation was issued for an actual violation of a prison rule. Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994), *cert. denied*, 515 U.S. 1145 (1995); Goff v. Burton, 7 F.3d 734, 738 (8th Cir.1993), *cert. denied*, 512 U.S. 1209 (1994); Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir.1990). Thus, prison officials may successfully defend a retaliatory discipline claim by showing "some evidence" that the inmate actually committed a rule violation. Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008) (citing Goff, 7 F.3d at 738-39). Under this standard, "a report from a correctional officer, *even if disputed by the inmate and supported by no other evidence*, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." (Emphasis added.) Id. at 831. If a court concludes that the "some evidence" standard is satisfied, then it need not reach the issue of whether there is

5

sufficient evidence connecting the plaintiff's discipline with his exercise of First Amendment rights. Id. at 829.

In support of their motion, Defendants argue that Plaintiff has failed to establish any element of his retaliation claim. First, Plaintiff was not engaged in a constitutionally protected activity. While Plaintiff admittedly has a right to use the grievance process himself in accordance with prison policies and procedures, he does not have a constitutional right "to incite other inmates to file grievances or to assist other inmates in filing lawsuits." Rouse v. Benson, 193 F.3d 936, 941 (8th Cir. 1999) (citing Williams v. Nix, 1 F.3d 712, 716 (8th Cir.1993) ("[A]n individual inmate does not have a constitutional right to 'practice' jailhouse law"); Nickens v. White, 622 F.2d 967 (8th Cir.1980) (prison officials justified in prohibiting circulation of a petition in spite of restrictions on inmate's right to freedom of expression, based on reasonable security concerns)). (Mem. In Supp., Doc. No. 98, pp. 6-7) Further, Plaintiff cannot show he was disciplined in retaliation for exercising his rights because "some evidence" existed to support Plaintiff's conduct violation and because he received a hearing before a non-biased decision maker. (Id., pp. 7-13)

Plaintiff responds that Defendants have failed to demonstrate the validity of the conduct charge. (Response, Doc. No. 102-1, pp. 2-3) He challenges Defendants' characterization of the documents found in his cell as a "petition/mass IRR," and repeatedly states that such a "petition/mass IRR" was never found. Plaintiff argues there was no evidence that he either "encouraged offenders to assemble" or "refused to disperse" pursuant to the language of Rule 9.3 or that any other offenders were written up for the same conduct. (Id., pp. 4-5) He also points to alleged "technical" errors (fabricated dates) in the conduct charge and discipline action report as

6

suggestive of a retaliatory motive. (Id., pp. 5-6) Plaintiff further responds that Defendants have failed to address his racial averments. (Id., p. 3)

In reply, Defendants state that Plaintiff's allegations of racial discrimination were directed at Officer Brian Hall, a non-party, and, therefore, not material to his retaliation claim. (Reply, Doc. No. 103, pp. 3-4) Further, Rule 9.3 is not limited to acts of disobedience by assembling and refusing to disperse; the Rule expressly includes engaging "in other acts of organized disobedience." [4] (Id., p. 7) Whether other offenders were written up is not material to his claim. (Id., p. 4) Defendants maintain that regardless of the terminology used, Plaintiff conceded that a mass IRR is passing around the same IRR for others to use. (Davis Depo., Doc. No. 98-2, 34:16-37:24, 41:1-46:23) Finally, accidently writing the wrong year on a report, particularly at the start of the new year, is not "affirmative evidence of a retaliatory motive." [5] (Reply, p. 7)

**Lancaster**

Plaintiff alleges Lancaster filed a false conduct violation because he wanted him removed from the housing unit. (TAC, ¶ 13; Deposition of Frederick Davis (Davis Depo.), Doc. No. 98-3, 77:25-81:17) Lancaster wrote the conduct charge based on the undisputed evidence of record that Plaintiff was reported by another offender, that Plaintiff admitted showing his IRR to other offenders, and that a search of Plaintiff's cell uncovered letters with comments and instructions

---

[4] Arguably, circulating a mass IRR is a violation of Rule 9.3 prohibiting the incitement of organized disobedience. Certainly the Rule could be drafted to make this clearer.

[5] The Court notes that Plaintiff himself made a similar mistake at his deposition:

Q: Today is January 10th, 2013, correct?
A: No.
Q: It is not?
A: Oh. 2013? Yeah. I have --
Q: It just changed.
A: -- problems with that, yeah. Right. (Doc. No. 98-2, 5:15-21)

to others on how to draft a similar letter. (Doc. No. 98-5; Davis Depo., Doc. No. 98-2, 34:16-37:24) The Court finds this to be "some evidence" of conduct beyond simply assisting another offender and is in fact evidence of encouraging or inciting disobedience in violation of Rule 9.3. See, Earnest v. Courtney, 64 F.3d 365, 367 (8th Cir.1995) (per curiam) (officer's affidavit, disciplinary report, and reliable confidential informants were "some evidence" of a rule violation); Orebaugh, 910 F.2d 526 (plaintiff's admission to committing the offensive conduct was "some evidence" of actual rule violation).

**Webb**

Plaintiff alleges Webb demonstrated bias at his January 13, 2011 conduct violation hearing by failing to conduct an independent investigation and by not permitting him to call witnesses, namely, those offenders interviewed by Lancaster, or to review a surveillance videotape.[6] (TAC, ¶¶ 15, 17; Davis Depo., Doc. No. 98-3, 59:4-60:25; 62:3-64:21; 82:15-84:11)

Prison officials, like other officials, are presumed to be impartial decision makers, and an inmate's subjective beliefs, without more, that the officials acted improperly, are insufficient to survive summary judgment. Parks v. Dooley, 2011 WL 847011, at *24 (D.Minn. Feb. 11, 2011). See also, deLlano v. Berglund, 282 F.3d 1031, 1035-36 (8th Cir. 2002).

In his affidavit, Webb states that as a hearing officer, he does not try a case or do a separate investigation; rather, he reviews the evidence to make sure the conduct violation was properly given. (Webb Affidavit, Doc. No. 98-6, ¶ 4)[7] Webb further states that Plaintiff did not

---

[6] Webb continued the hearing from January 6, 2011 to January 13, 2011 to accommodate Plaintiff's request for inmate counsel. (Webb Affidavit, Doc. No. 98-6, ¶ 7)

[7] Plaintiff moves to strike Webb's affidavit, arguing it contains a "perjurious averment," i.e., that the conduct violation was *properly given*. (Doc. No. 106) In resolving motions for summary judgment, the Court may "consider only admissible evidence" and cannot use "affidavits . . . that were made without personal knowledge, consisted of hearsay, or purported to state legal conclusions as fact." Murphy v. Missouri Dept. of Corrections, 372 F.3d 979, 982 (8th Cir. 2004); Fed.R.Civ.P. 56(c)(4). Only when an affidavit does not meet the requirements of Rule 56(e) is it subject to a motion to strike. It is the Court's job to eliminate from consideration any argument, conclusions, and

give him the name of any witness he wished to call. (Webb Affidavit, ¶ 11) As for the surveillance tape, Webb states the allegations against Plaintiff did not occur at a specific time or place. (Webb Affidavit, ¶¶ 11-12) Webb recommended that Plaintiff be found guilty of the conduct violation based on Lancaster's report and investigation. It is well settled that the charging prison guard's statement alone is sufficient to support a disciplinary conviction. Thornton v. Harmon, 2010 WL 2383904, at *2 n.2 (E.D. Ark Apr. 30, 2010) (citing Bandy-Bey v. Crist, 578 F.3d 763, 766 (8th Cir. 2009); Hartsfield, 511 F.3d 826, 831).

Further, the Court previously ruled, on Plaintiff's motion to compel, that disclosing the identity of those individuals interviewed by Lancaster would implicate the safety and security of both the individuals and the corrections facility, and denied the motion to compel. (Doc. No. 105) As for Plaintiff's request for the surveillance tape from November 23, 2010, because the allegations against him were not time or place specific, any video surveillance footage is not relevant to this case.

Finally, Plaintiff acknowledges that Webb took him aside after the hearing and told him his door was always open for Plaintiff's complaints. (Davis Depo., Doc. No. 98-3, 83:14-84:11) This action is certainly inconsistent with a retaliatory motive.

**Wallace**

Plaintiff argues Wallace was retaliatory because he sided with corrections officers. (Davis Depo., Doc. No. 98-2, 72:8-73:20) This unsupported conclusion is insufficient to show a retaliatory motive. See Lewis v. Jacks, 486 F.3d 1025, 1029 (8th Cir. 2007) (citing Flittie v.

---

assertions unsupported by the evidence of record. Snider v. City of Cape Girardeau, 2011 WL 6331775, at *1 (E.D. Mo. Dec. 19, 2011). Because striking a party's pleadings is an extreme measure, motions to strike are viewed with disfavor and infrequently granted. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted). The Court will, in its discretion, deny Plaintiff's motion to strike. The Court will consider the facts based on the evidence submitted, and legal arguments will be analyzed according to those facts.

Solem, 827 F.2d 276, 281 (8th Cir.1987) (broad and conclusory allegations insufficient to support a § 1983 retaliation claim). Moreover, these assertions are refuted by the record. The record shows Wallace investigated Plaintiff's previous complaints against Officer Hall by coming to Plaintiff's housing unit and observing Officer Hall. (Wallace Affidavit, Doc. No. 98-7, ¶¶ 11-12). Although Wallace found Plaintiff's complaints unsubstantiated, Officer Hall was later removed from the housing unit. (Davis Depo., Doc. No. 98-3, 84:12-86:2) Further, Wallace reviewed Lancaster's report and Webb's findings, which qualifies as "some evidence" for referring Plaintiff to the ad-seg committee.

Because the undisputed record is clear that "some evidence" exists that Plaintiff incited organized disobedience in violation of prison rules, the Court will grant Defendants' motion for summary judgment on Plaintiff's retaliatory discipline claim.

**Qualified immunity**

Defendants argue they are entitled to qualified immunity. (Mem. in Supp., Doc. No. 98, pp. 13-15) In response, Plaintiff argues the Court has already ruled that Defendants are not entitled to qualified immunity, relying on the Court's orders denying Defendants' motions to dismiss. (Doc. Nos. 24, 50) The Court's denial of Defendants' motions to dismiss is not dispositive of the argument raised in their motion for summary judgment. On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Noel v. AT & T Corp., 2013 WL 1283844, at *2 (E.D.Mo. Mar. 27, 2013) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Fed.R.Civ.P. 8(a)(2)). In its September 11 Order, the Court concluded, after viewing Plaintiff's allegations as true and in a light most favorable to him,

that a reasonable prison official would have known his actions constituted a violation of Plaintiff's First Amendment rights. (Doc. No. 50, p. 11) This matter is now before the Court on a motion for summary judgment. As discussed above, summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

Government officials are generally afforded qualified immunity under § 1983 when performing discretionary functions unless their conduct violates clearly established law. Nelson v. Shuffman, 603 F.3d 439, 446 (8th Cir. 2010) (citing Beck v. Wilson, 377 F.3d 884, 889 (8th Cir. 2004)). Qualified immunity should be granted when either of two elements has been satisfied. A court first determines whether the facts, viewed in the light most favorable to the plaintiff, establish a violation of a constitutional right. Pearson v. Callahan, 555 U.S. 223, 232, (2009). The second question is whether the relevant constitutional right was clearly established at the time of the alleged violation. Id. A court may consider either element of qualified immunity first. Id. at 236. If a court determines the plaintiff's right was not clearly established, it need not analyze the second element but instead should grant the defendant qualified immunity. Id.

As discussed above, Plaintiff has failed to establish he was engaged in a constitutionally protected activity when he encouraged other offenders to file complaints against Officer Brian Hall. Plaintiff also failed to establish that Defendants disciplined him because he was engaging in constitutionally protected activity, because "some evidence" existed that Plaintiff committed a rule violation. Because Plaintiff's claim of retaliatory discipline fails as a matter of law, Defendants are entitled to qualified immunity with respect to this alleged retaliatory action. Santiago, 707 F.3d at 993.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [97] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Affidavit of Terry Webb [106] is **DENIED**.

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 28th day of March, 2014.

                                                      _____
                                                     JOHN A. ROSS
                                                     UNITED STATES DISTRICT JUDGE