# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

FREDERICK P. DAVIS,

    Plaintiff,

v.      No. 4:11-CV-1906 JAR

TERRY WEBB, et al.,

    Defendants.

## MEMORANDUM AND ORDER

On March 28, 2014, this Court granted Defendants' motion for summary judgment and dismissed Plaintiff's pro se action under 42 U.S.C. § 1983 for alleged violations of his First Amendment rights. (Doc. No. 113) Plaintiff filed his Motion for Reconsideration on April 9, 2014. (Doc. No. 116) Defendants filed their response on April 16, 2014. (Doc. No. 117) Plaintiff filed a reply on April 25, 2014. (Doc. No. 118) The motion is, therefore, fully briefed and ready for disposition. For the following reasons the motion will be denied.

**Background**

The factual background of this prisoner civil rights action is set forth in the Court's March 28, 2014 Memorandum and Order. Briefly, the Court ruled that Plaintiff's claim of retaliatory discipline failed as a matter of law because "some evidence" existed that Plaintiff committed a prison rule violation, i.e., inciting organized disobedience.

**Discussion**

Plaintiff brings this motion for reconsideration pursuant to Fed.R.Civ.P. 60(b). Rule 60(b) motions may only be used to reconsider a final order on certain enumerated grounds such as "(1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged ...; or (6) any other reason that justifies relief." A party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." <u>Prosser v. Nagaldinne</u>, 2013 WL 308770, at *1 (E.D.Mo. Jan. 25, 2013) (quoting <u>De Wit v. Firstar Corp.</u>, 904 F.Supp. 1476, 1496 (N.D.Iowa 1995)). A Rule 60(b) motion is not a vehicle for rearguing the merits of a claim. <u>Harris v. Potter</u>, 2009 WL 1045475, at *2 (E.D. Mo. Apr. 20, 2009).

Plaintiff argues the Court erred in finding he was not in compliance with Local Rule 7-4.01(E) because he failed to respond to Defendants' statement of facts. (Doc. No. 116, pp. 1-4) Plaintiff refers to his Verified Statement of Material Facts in Genuine Dispute wherein he purported to controvert Defendants' claims. (See Doc. No. 102-2) The rule governing responses to motions for summary judgment is, however, clear. "Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D.Mo. L.R. 4.01. Further, as the Court noted in its Memorandum and Order, Plaintiff's failure to properly respond to the motion for summary judgment did not mean that summary judgment would automatically be granted in favor of Defendants; Defendants were still required to establish entitlement to judgment as a matter of law on those undisputed facts. See <u>Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc.</u>, 332 S.W.3d 184, 191 (Mo.Ct.App. 2010).

Plaintiff also submits an affidavit which he contends controverts Defendants' statement

of material facts. (Doc. No. 116, pp. 4-5; Doc. No. 116-1) Defendants argue that newly submitted affidavits containing information that was previously available cannot support a motion for reconsideration. (Doc. No. 117, pp. 1-2)

Upon review of Plaintiff's motion and supporting affidavit, the Court finds Plaintiff is largely reiterating the same arguments he made in opposition to Defendants' motion for summary judgment. See Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999) (noting that Rule 60(b) is "not a vehicle for simple reargument on the merits"). He raises none of the enumerated grounds for granting Rule 60(b) relief and fails to otherwise show exceptional circumstances that could cause the Court to reconsider its previous rulings. See Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001); Brooks v. Ferguson-Florissant Sch. Dist., 113 F.3d 903, 904 (8th Cir. 1997). For the reasons set out in the Court's March 28 Memorandum and Order and incorporated by reference herein, Plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [116] is **DENIED**.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of May, 2014.